## SARAH FAGAN v. SCHAFER BROTHERS, INC.[1]

February 19, 1937.

No. 31,108.

*R. C. Andrews,* for appellant.
*M. J. Timmons,* for respondent.

LORING, JUSTICE.

This was an action to recover one-half the rental value of a store building in Minneapolis. Defendant and plaintiff each own an undivided one-half interest in the property in question. Defendant for several years has operated a grocery store on the common property, at one time under a sublease. The rent here sought to be determined is that for the five months commencing April 1, 1935, and ending August 31, 1935. In a previous suit to determine the rental value of these premises the plaintiff had a verdict, the jury finding that the full monthly rental value of the property was $160. The trial court granted a new trial unless plaintiff would accept recovery on the basis of $135 as the monthly rental value. Apparently the reduction was refused, and this trial followed. A jury brought in a verdict for plaintiff in which it determined the fair monthly rental value of the premises to be $165. Defendant appeals from an order denying its motion for a new trial.

[1]Reported in 271 N. W. 458.

Upon this appeal there is but one question presented: Is volume of business done by an occupant a factor which a jury may consider in determining the rental value of the premises?

Over objection of defendant, a real estate expert testified:

Q. "You have heard Mr. Schafer state what volume of business he does there?

A. "I believe it is $90,000 a year.

"(Defendant's objection.)

The Court: "I will overrule the objection."

The witness then testified that rental value should be based on a percentage of the gross turnover—in Minneapolis usually three per cent.

The court charged the jury:

"A number of factors should be considered by you in arriving at the fair rental value of these premises such as  *  *  *  the volume of business conducted by the defendant.  *  *  *  It is for you to say how much influence the gross volume of business had upon the rental value of this location and what influenced it, whether the location or the particular individuals who were conducting the business."

It may be that real estate agents when attempting to determine the amount of rent to charge a prospective tenant take into consideration the amount of business likely to be done or which has been done at a given location. Parties to a lease may consider any number of things that might not be proper evidence in a lawsuit.

To determine the rental value many things must be taken into consideration, such as desirability of location, rents in the vicinity, condition of the building, etc., and in this case these features were competently brought out. But in the case at bar gross turnover was, in our opinion, too remote a factor upon which to base rental value on a percentage basis. What location has to do with the gross turnover may well be a consideration in some cases, but unless it is tied in as a material factor in producing the turnover it would be improper to receive evidence of the character here ad-

mitted. A large volume of business is not necessarily indicative of a profitable venture or of a valuable location or that the location is a factor in the turnover. We think on this record it was impossible to determine how much, if any, of the gross business depended upon the location and how much depended upon astuteness, ability, and industry of the proprietor. Gross business was therefore too speculative an element upon which to base rental value in this case. The problem before the trial court was simply to establish the fair rental value of the premises—"what they would have been worth in the market if the lessor had been free and able to rent them." Goelet v. National Surety Co. 249 N. Y. 287, 295, 164 N. E. 101, 104, 62 A. L. R. 423. To establish the rental value each case must stand upon the facts peculiar to it. In the case at bar a bakery, in the building occupied by defendant, rented for $60 per month but occupied only one-third less space than defendant. Other rents in the vicinity were comparable to the bakery rent. It is significant that the trial court in a previous trial granted a new trial because a jury determined the rental value to be $160 per month.

Reversed and new trial granted.